Dear Mr. Rietschier:
You requested the opinion of this office concerning fees which have been billed by the Livingston Parish Assessor for the creation of tax rolls for the Amite River Basin Drainage and Water Conservation District (the "District"). The District was created in R.S. 38:3301, et seq. and is comprised of a portion of six parishes. In 2000, the District obtained approval by referendum of the voters in the Parishes of East Baton Rouge, Livingston and Ascension for the imposition of a drainage tax to fund the District's portion of the Comite River Diversion Canal. The Livingston Parish Assessor has presented the District with an invoice in connection with the Assessor's services in assessing the property for this new tax. Your question is whether the District is liable to the Livingston Parish Assessor for the costs incurred by the Assessor in including the new Comite River Diversion Canal tax on the assessment rolls.
As set forth in R.S. 47:1957, assessors are required to assess all taxable property in the State. The assessors are to list said property by parish, school board, police jury, levee district, special district and by any other recipients of ad valorem taxes, except by municipality. If any municipality requests such a listing, the assessor shall be required to prepare such a listing; however, the assessor's salary and expense fund shall be reimbursed by the municipality.
Assessors are compensated from pro rata contributions by the various tax recipient bodies, including parishes, school boards, levee, drainage districts or others. R.S. 47:1906(A) provides in pertinent part:
 "[t]here shall be a fund for the payment of the salaries and allowances of the assessors, and all recipients of taxes, whether state, parish, school, levee, drainage, or others, shall contribute their full proportion of the total dues in accordance wit the amount of taxes to be received by each. The pro rata due the assessor's salary and expense allowance, except exempted municipalities, shall be remitted direct to the assessor by the sheriff and ex officio tax collector from the first tax collections when the tax rolls are filed each year, and prorated among the state, parish, school, levee, drainage and other recipients of taxes in proportion to the amount of taxes to be received by each."
Alternatively, in lieu of the pro rata deductions from ad valorem taxing authorities, assessment districts may levy a tax on the assessed valuation of all taxable property appearing on the tax rolls, in an amount that will produce for the district in the initial year that the option is exercised the same revenue as that authorized by law to be deducted pro rata from that year's tax roll for the assessor's salary and expense fund. R.S. 47:1925, et seq.
As you noted, R.S. 38:1546 provides for the levy of a forced contribution or acreage tax to maintain drainage and to pay the debt service on bonds issued by the drainage district. Assessors are authorized to receive as compensation for making the assessment roll the fees fixed by law on all ad valorem taxes and the sum of seventy five dollars for the listing of property to serve as a basis to collect the acreage tax which shall be paid the assessor by the drainage district. This $75.00 fee shall constitute the total charge for all rolls made for the district.
Except as set forth in R.S. 38:1546, we have found no statutorily authority for the assessor to invoice the District for the cost of preparing the tax rolls to include the new Comite River Diversion Canal tax.[1] Op.Atty.Gen. 87-431. The District has no authority to pay invoices it does not owe. La. Const. Art. VII, Sec. 14(A).
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ____________________ MARTHA S. HESS Assistant Attorney General
RPI:MSH:jv
DATE RELEASED: January 23, 2003
[1] While the assessor may charge the tax collector a fee for preparing the assessment rolls using electronic data processing equipment pursuant to R.S. 47:1993(A)(2), the District is not the tax collector and thus cannot be charged this fee.